RMT/DKK
F.#2007R01968

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     - against -

BRYANT NEAL VINAS,

        Defendant.

- - - - - - - - - - - - - - - X

PROTECTIVE ORDER

Cr. No. 8-823 (S-1) (NGG)

## PROTECTIVE ORDER REGARDING CLASSIFIED INFORMATION

This matter comes before the Court upon the motion of the United States for a

Protective Order Regarding Classified Information to prevent the unauthorized disclosure or

dissemination of classified national security information and documents that will be reviewed

or made available to the defendant's counsel by the government during the sentencing

proceedings in this case. Pursuant to the authority granted under Section 3 of the Classified

Information Procedures Act, 18 U.S.C. App. 3 (2000) ("CIPA"), the Security Procedures

Established Pursuant to CIPA by the Chief Justice of the United States for the Protection of

Classified Information (reprinted following CIPA section (9)), Rules 16(d) and 57 of the

Federal Rules of Criminal Procedure, and the general supervisory authority of the Court, and

in order to protect the national security, the following Protective Order is entered:

1.     The Court finds that the sentencing proceedings in this case will involve

information that has been classified in the interest of the national security. The storage,

handling and control of this information will require special security precautions mandated by

statute, executive order, and regulation, and access to which requires the appropriate security clearances.   The purpose of this Order is to establish procedures that must be followed by counsel and the parties in this case.   These procedures will apply to all post-trial and appellate matters concerning classified information and may be modified from time to time by further order of the Court acting under its inherent supervisory authority to ensure a fair and expeditious trial.

2.    Definitions.   The following definitions shall apply to this Order:

a.    "Classified information" shall mean:

i.    any document or information which has been classified by any executive agency in the interests of national security or pursuant to Executive Order 13526 as "confidential," "secret," "top secret," or additionally controlled as "sensitive compartmented information,"

ii.    any document or information now or formerly in the possession of a private party which (A) has been derived from information from the United States government that was classified, and (B) has been subsequently classified by the United States pursuant to Executive Order 13526 as "confidential," "secret," "top secret," or additionally controlled as "sensitive compartmented information,"

iii.    verbal classified information known to the defendant or defense counsel, or

iv.    "foreign government information," as that term is defined in Executive Order 12958, as amended by Executive Order 13292.

b.    "Document" shall mean any material containing information. The term "document" shall include, without limitation, written or printed matter of any kind, including originals, conforming copies, and non-conforming copies (e.g., a copy of an original with an added notation).   The term "document" shall also include, without limitation, letters,

reports, summaries, memoranda, notes, communications, telexes, cables, telecopies, telegrams, facsimiles, e-mails, microfilms, reports, photographs, charts, graphs, maps, invoices, accountings, worksheets, bulletins, transcripts and messages, as well as alterations, amendments, modifications, and changes of any kind to the foregoing and all recordings of information on magnetic, electronic, or optical media (including but not limited to those on CD-ROM), typewriter ribbons, films and all manner of electronic data processing storage.

c. "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner classified information.

d. "Secure area" means a facility approved by a Classified Information Security Officer for the review, storage, handling and control of top secret information.

e. "Need-to-know" means a determination within the executive branch in accordance with directives issued pursuant to this order that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function.

f. All classified documents and information therein shall remain classified unless the documents bear a clear indication that they have been declassified by the agency or department that originated the document or information contained therein (hereinafter, "originating agency").

3. In accordance with the provisions of CIPA and the Security Procedures promulgated by the Chief Justice of the United States pursuant to that Act, this Court designates Harry J. Rucker as the Classified Information Security Officer for this case for the

4

purpose of providing security arrangements necessary to protect any classified information or documents that will be made available to the defense in connection with this case. This Court also designates Debra M. Guerrero-Randall, Daniel O. Hartenstine, Matthew S. Juntz, Joan B. Kennedy, Maura P. Peterson, Carli V. Rodriguez-Feo, and W. Scooter Slade as alternate Classified Information Security Officers. Defense counsel shall seek guidance from the Classified Information Security Officer with regard to appropriate storage, transmittal, and use of classified information.

4.      The Court has been advised that assigned Assistant United States Attorneys and trial attorneys for the United States Department of Justice have the requisite security clearances allowing them to have access to classified documents and information that relate to this case. Any government attorneys who may in the future participate in the litigation of any part of this matter (or supervise such litigation) will have security clearances appropriate for the level of classification of any documents reviewed.

5.      The Court has been advised by the government that the defendant's counsel will have the requisite security clearances allowing them to have access to the Classified Information that relates to this case. Accordingly, these attorneys shall be permitted access to Classified Information that may be disclosed or produced by the United States or otherwise is necessary to prepare for proceedings in this case, in accordance with the terms of this Protective Order and any other orders of the Court. Any additional person whose assistance the defense reasonably requires may only have access to classified information in this case after first (a) obtaining permission from this Court, with prior notice to the government, (b) obtaining security clearances through the Classified Information Security Officer for access to the required level of classification on a need-to-know basis, and (c)

5

signing the Memorandum of Understanding in the form attached hereto, thereby agreeing to comply with the terms of this Order. The signed Memorandum of Understanding shall be filed with the Court. The substitution, departure, or removal from this case of defense counsel or any other cleared person associated with the defense as an employee or witness or otherwise, shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

6. The Classified Information Security Officer shall arrange for and maintain an appropriately approved secure area for the use of defense counsel. The Classified Information Security Officer shall establish procedures to assure that the secure area is accessible to defense counsel during business hours and at other times upon reasonable request as approved by the Classified Information Security Officer and in consultation with the United States Marshals Service. The secure area shall contain a separate working area for defense counsel and will be outfitted with any secure office equipment requested by the defense that is reasonable and necessary to the preparation of the defense. The Classified Information Security Officer, in consultation with defense counsel, shall establish procedures to assure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information. No classified documents may be removed from the secured area unless so authorized by the Classified Information Security Officer. The Classified Information Security Officer shall not reveal to the government the content of any conversations he or she may hear among the defense, nor reveal the nature of the documents being reviewed or the work being generated. The presence of the Classified Information Security Officer shall not operate to render inapplicable the attorney-client privilege.

6

7.     Filing of Papers by the defendant.   Any pleading or other document filed by the defendant that defense counsel knows, should know, or has reason to believe contain classified information shall be filed under seal with the Classified Information Security Officer or his designee and shall be marked "Filed in Camera and Under Seal with the Classified Information Security Officer or Designee."   The time of physical submission to the Classified Information Security Officer or his designee, which shall occur no later than 4:00 p.m., shall be considered the date and time of filing.   The Classified Information Security Officer shall promptly examine the pleading or document and, in consultation with representatives of the appropriate agencies, determine whether the pleading or document contains classified information.   If the designated classification representative determines the pleading or document contains classified information, the Classified Information Security Officer and the designated classification representative shall ensure the relevant portion of the document – and only that portion – is marked with the appropriate classification marking and remains under seal.   All portions of all paper filed by the defendant that do not contain classified information shall be immediately unsealed by the Classified Information Security Officer and placed in the public record, unless counsel requests that the paper be filed under seal for other reasons.   Except in cases where the pleading or document is filed ex parte, the Classified Information Security Officer shall immediately deliver under seal to the Court and counsel for the United States any pleading or document to be filed by the defendant that contains classified information.   At the time of making a physical submission to the Classified Information Security Officer or a designee, counsel shall file on the public record in the

CM/ECF system a notice of filing. The notice should contain only the case caption and an unclassified title in the filing.

8.    Filing of Papers by the United States.    Those portions of pleadings or documents filed by the United States that contain classified information shall be filed under seal with the Court through the Classified Information Security Officer or his designee.    Such pleadings and documents shall be marked, "Filed In Camera and under Seal with the Classified Information Security Officer."    The date and time of physical submission to the Classified Information Security Officer or his designee, which shall occur no later than 4:00 p.m., shall be considered the date and time of filing. Unless the paper is filed ex parte, the Classified Information Security Officer shall immediately deliver the pleading or document under seal to counsel for the defendant.

9.    The Classified Information Security Officer shall maintain a separate sealed record for those materials which are classified.    The Classified Information Security Officer shall be responsible for maintaining the secured records for purposes of later proceedings or appeal.

10.    Protection of Classified Information.    The Court finds that the provisions set forth in this order are necessary to protect the classified information involved in this case.

11.    Access to Classified Information.    The defendant's counsel, and cleared employees of defendant's counsel, additional cleared persons assisting defendant's counsel, and cleared witnesses accompanied by counsel for the defendant (hereinafter, "the defense") shall have access to classified information only as follows:

8

a.      Unless authorized by the Classified Information Security Officer, all classified information produced by the government to the defense, and all classified information possessed, created or maintained by the defense, shall be stored, maintained and used only in the secure area established by the Classified Information Security Officer.   No classified information shall be maintained by the defense in any other place other than the secure area established by the Classified Information Security Officer.

b.      The defendant's counsel shall have free access to the classified information made available to them in the secure area established by the Classified Information Security Officer and shall be allowed to take notes and prepare documents with respect to those materials.

c.      Counsel shall not copy or reproduce any classified information in any manner or form, except with the approval of the Classified Information Security Officer in accordance with the procedures established by the Classified Information Security Officer for the operation of the secure area.

d.      All documents prepared by the defense (including, without limitation, pleadings or other documents intended for filing with the Court) that defense counsels knows, should know, or have reason to believe contain classified information must be prepared in a secure area on word processing equipment approved by the Classified Information Security Officer.   All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) containing classified information shall be maintained in the secure area unless and until the Classified Information Security Officer determines that those documents or associated materials are unclassified in

9

their entirety.    None of these materials shall be disclosed to counsel for the United States.

e.        The defense shall discuss classified information only with other cleared persons and only in the secure area or in an area authorized by the Classified Information Security Officer.

f.        The defense shall not disclose, without prior approval of the Court, the contents of any classified documents or information to any person not named in this Order except the Court, Court personnel and the attorneys for the United States identified by the Classified Information Security Officer as having the appropriate clearances and the need to know.    Counsel for the United States shall be given an opportunity to be heard in response to any defense request for disclosure to a person not named in this Order.    Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to the Order, and to comply with all the terms and conditions of the Order.    If preparation of the defense requires that classified information be disclosed to persons not named in this Order, the Classified Information Security Officer shall promptly seek to obtain security clearances for them at the request of defense counsel.

g.        The defense shall not discuss classified information over any standard commercial telephone instrument or office intercommunication systems, including but not limited to the internet, or in the presence of any person who has not received an appropriate approval for access to classified information.

h.        Any documents written by the defense that defense counsel knows, should know, or has reason to believe contain classified information shall be

10

transcribed, recorded, typed, duplicated, copied or otherwise prepared only by persons who have received an appropriate approval for access to classified information.

12.    Classified Information Procedures Act.   No motion has been made by the defense for the disclosure of classified information as of this date.   The Court may issue additional Protective Orders as needed.

13.    Any unauthorized disclosure of classified information may constitute violations of United States criminal laws.   In addition, any violation of the terms of this Order shall be brought immediately to the attention of this Court and may result in a charge of contempt of court and possible referral for criminal prosecution.   Any breach of this Order may also result in termination of an individual's access to classified information.   Persons subject to this Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause serious damage, and in some cases, exceptionally grave damage to the national security of the United States or may be used to the advantage of a foreign nation against the interests of the United States.   This Protective Order is intended to ensure that those authorized by this Order to receive classified information in connection with this case will never divulge that information to anyone not authorized to receive it, without prior written authorization from the originating agency or an authorized representative of the United States government, or in conformity with this Order, or as required by CIPA.   All classified documents and information to which the defense has access in this case are now and will remain the property of the United States.   Upon demand of the Classified Information Security Officer, these persons shall return to the Classified Information Security Officer all classified information in their possession obtained from the

11

government in this case, or for which they are responsible because of access to classified information.   The notes, summaries and other documents prepared by the defense that defense counsel knows, should know, or has reason to believe contain classified information shall remain at all times in the custody of the Classified Information Security Officer until the end of this matter.   At the end of this matter, all such notes, summaries and other documents are to be destroyed by the Classified Information Security Officer in the presence of defense counsel if so desired.   The "end of this matter" is defined as the latest of the following events:

> a.     Entry of judgment in this case in the District Court, and if there is a conviction, then the completion of any direct appeals (including applications to the United States Supreme Court) or the expiration of the time for same; plus one year or such additional time as may be permitted for post-conviction proceedings;

> b.     Final resolution (including completion of any court proceedings or appeals, or expiration of the time for same) of any claims relating to this case (such as malpractice, lawyer misconduct or disciplinary claims, or claims of unauthorized disclosure of classified material) which are pending against defense counsel as of the expiration of the time period specified in subparagraph (a), above; and

> c.     Payment of, or other final action on, CJA vouchers submitted by defense counsel and non-lawyers such as interpreters, investigators and experts.   Defense counsel or the government may apply to the Court, based on a showing of good cause, for an Order preserving the materials referred to above for a longer period of time.

14.     A copy of this Order shall be issued forthwith to the defense counsel who shall be responsible for advising the defendant, any co-counsel, employees of counsel for the

12

defendant, and defense witnesses who need to know of the contents of this Order.   Counsel for the defendant and any other individuals who will be provided access to the classified information, shall execute the Memorandum of Understanding described in paragraph 11 of this Order, and counsel for the defendant shall file executed originals of such documents with the Court and the Classified Information Security Officer and serve an executed original upon the United States.   The execution and filing of the Memorandum of Understanding is a condition precedent for counsel for the defendant or any other person assisting the defense to have access to classified information.

15.   Nothing contained in this Order shall be construed as a waiver of any right of the defendant.   No admission made by the defendant or their counsel at a pretrial conference held pursuant to Section 2 of CIPA may be used against the defendant unless the admission is in writing and is signed by the defendant and their counsel.   See CIPA Sec. 2.

16.   Entry of this Order is without prejudice to an application by defense counsel, upon notice to the government, for a modification of this Order permitting the defense counsel to disclose to the defendant specific items of classified information with the written permission of government's counsel or with leave of this Court.

SO ORDERED this _20th_ day of _January_ 2017.

s/Nicholas G. Garaufis

THE HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

RMT
F.# 2007R01968

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

       Cr. No. 8-823 (S-1) (NGG)

- against -

BRYANT NEAL VINAS,

      Defendant.

- - - - - - - - - - - - - - X

## MEMORANDUM OF UNDERSTANDING

1.    Having familiarized myself with the applicable laws, I understand that I may be the future recipient of information and documents that (a) pertain to the national security of the United States, (b) and which are the property of the United States, and (c) that such documents and information, together with the methods of collecting such information, are classified according to security standards set by the United States government.

2.    I agree that I shall never divulge, publish or reveal, either by word, conduct or any other means, such classified information and documents unless specifically authorized to do so in writing by an authorized representative of the United States government, or as required by the Classified Information Procedures Act, by the Protective Order Regarding Classified Information issued in the above-captioned case, or as otherwise ordered by this Court.

3.    I understand that this agreement will remain binding upon me after the conclusion of proceedings in <u>United States v. Bryant Neal Vinas</u>, 08-CR-823 (NGG), and any subsequent related proceedings including the appellate process.

4.    I have received, read and understand the Protective Order regarding classified information entered by the United States District Court for the Eastern District of New York in the above-captioned case, and I agree to comply with the provisions contained therein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Steve Zissou, Esq.

_____, 2017

_____
Witness Name

_____
Witness Signature

_____
Michael K. Bachrach, Esq.

_____, 2017

_____
Witness Name

_____
Witness Signature