UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-                                                    **MEMORANDUM & ORDER**

BRYANT NEAL VINAS,                                           **08-CR-823 (NGG)**

Defendant.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Non-party Johnny Dwyer ("Dwyer"), an independent reporter and author, has petitioned the court to unseal the Government's Sentencing Memorandum (Dkt. 45) in the above-captioned case. (See Mot. to Unseal (Dkt. 46).) For the following reasons, the Motion is DENIED.

I.    BACKGROUND

On February 7, 2017, the Government filed its sentencing memorandum (the "Sentencing Memorandum") in the above-captioned case, requesting that it be maintained under seal. (See Sent'g Mem. (Dkt. 45).) Defendant has entered a guilty plea and is awaiting sentencing on terrorism-related charges. The Sentencing Memorandum sets forth a detailed history of the conduct giving rise to the offense, including the circumstances of Defendant's recruitment to Al-Qaeda, terrorist plots of which Defendant was aware or in which he participated, and the names of specific persons with whom Defendant had contact in connection with the offense conduct. (See generally Ex. A to Gov't Opp'n to Mot. to Unseal (the "Red. Sent'g Mem.") (Dkt. 47-1).)[1] In its Sentencing Memorandum, the Government advised the court that Defendant has provided substantial assistance meriting a possible downward-departure from the sentencing

---

[1] The Government's Opposition to the Motion to Unseal and the redacted copy of the Sentencing Memorandum were filed under seal pending the court's decision on this motion.

1

range provided by the United States Sentencing Guidelines pursuant to Section 5K1.1 of those Guidelines and 18 U.S.C. § 3553(a) (id. at 16-19) and detailed specific instances of assistance.

On February 22, 2017, the court received Dywer's letter requesting that the court unseal both the Sentencing Memorandum as well as "any subsequent sentencing memoranda submitted by either party." (Mot. to Unseal at 2.) In response, the Government submitted a redacted copy of the Sentencing Memorandum, proposing to make that copy of the memorandum available to the public, and asked the court to reject the motion to unseal in its entirety. (See Gov't Opp'n to Mot. to Unseal ("Gov't Opp'n") (Dkt. 47); Red. Sent'g Mem.)

The court finds that continued sealing of the redacted sections of the Sentencing Memorandum is proper in light of the standards governing public access to judicial documents and so denies the motion to unseal.

## II.   LEGAL STANDARD

The public enjoys a presumptive right of access to judicial documents under the common law and a "qualified First Amendment right . . . to access certain judicial documents." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119, 120 (2d Cir. 2006) (internal quotations marks and citation omitted). Where the common law right applies,[2] the court must apply a "presumption of access," with the weight of the presumption determined by the "role of the material at issue in the exercise of Article III judicial power" and its "resultant value . . . to those monitoring the courts." United States v. Amodeo, ("Amodeo II") 71 F.3d 1044, 1049 (2d Cir. 1995). In those cases, the "court must balance competing considerations against disclosure," permitting a document to be sealed from public access only where the "competing interests

---

[2] Because the Government does not contest the applicability of either the common law or qualified First Amendment right of access to the Sentencing Memorandum, (see generally Gov't Opp'n), the court does not detail the standards for determining whether either of those two rights applies to the Sentencing Memorandum.

2

outweigh the presumption." Lugosch, 435 F.3d at 120. The qualified First Amendment right of access provides an additional, stronger level of protection than does the common law right, such that courts may only resist disclosure where "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." United States v. Erie Cty, N.Y., 763 F.3d 235, 239 (2d Cir. 2014) (internal quotation marks and citations omitted). Either or both of these rights of access may extend to criminal sentencing proceedings, and documents used in aid of those proceedings are "presumed to be open to the public." United States v. Huntley, 943 F. Supp. 2d 383, 385 (E.D.N.Y. 2013) (citing Nixon v. Warner Commc'ns, 435 U.S. 589, 597-98 (1978)); see United States v. Alcantara, 396 F.3d 189, 196-98 (2d Cir. 2005)); United States v. McLaughlin, No. 06-CV-965 (RJS), 2009 WL 4729877, at *1 (S.D.N.Y. Dec. 10, 2009) (holding that the common law provides a "presumptive right of access" to a "5K" letter).

The rights of access afforded by the common law and First Amendment are not absolute, however, and the need for disclosure may be overcome where the party seeking to seal the documents can show that there are "countervailing factors" (in the common law framework), see Amodeo II, 71 F.23d at 1050, or that sealing is necessary to preserve "higher values" (in the First Amendment context), see Alcantara, 396 F.3d at 200. Courts have listed a number of qualifying "higher values" which may justify sealing, including the Government's interest in protecting national security and maintaining the integrity and secrecy of criminal investigations. See United States v. Aref, 533 F.3d 72, 82 (2d Cir. 2008) (redaction for "higher values" justified on a showing that information sought would "impair identified national interests"); United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) ("We believe that . . . the sensitivity of an ongoing criminal investigation [is a] 'higher value[]' justifying sealing . . . ."); United States v. Milken, 780 F. Supp. 123, 127 (S.D.N.Y. 1991) ("[I]nformation that identifies the target, subject or status

3

of a particular government investigation must be redacted . . . ."); cf. also Lugosh, 435 F.3d at 120 (stating that impairment of "law enforcement or judicial efficiency" is a qualifying countervailing interest under the common law right of access); United States v. Amodeo ("Amodeo I"), 44 F.3d 141, 147 (2d Cir. 1995) (citing "law enforcement privilege" as a countervailing factor under the common law right of access).

"The party moving to seal a document (or to maintain it under seal) bears the burden of establishing that sealing is warranted." United States v. Zazi, Nos. 09-CR-663 (RJD), 10-CR-19 (RJD), 2010 WL 2710605, at *2 (E.D.N.Y. June 30, 2010).

### III. ANALYSIS

The court finds that the Government has met its burden of establishing that continued sealing of the redacted portions of the Sentencing Memorandum is warranted, as the presumption of access with respect to those sections is overcome by "higher values" connected with the Government's law enforcement interests.[3]

The Government argues that the redacted Sentencing Memorandum balances the public's need for access with the law enforcement interests implicated, withholding only those portions of the document which "provide specific details about the information the defendant provided and the Government's assessment of the specific ways in which the defendant's information proved valuable." (Gov't Opp'n at 2.)

---

[3] Since the court has concluded, and the Government concedes, that the "more stringent First Amendment framework applies," the court does not consider whether under the common law right of public access "countervailing factors" justify continued sealing. Lugosch, 435 F.3d at 124.

The redactions submitted by the Government keep several categories of information under seal:

- Names and other identifying information of individuals with whom Defendant had contact, including but not limited to contact in connection with the offense conduct (see, e.g., Red. Sent'g Mem. at 4, 7 n.8, 10; 14-15);

- Insights provided by Defendant into Al-Qaeda's recruiting, tactics, structure, and operations and about other terrorist organizations (see, e.g., id. at 8-10; id. at 11);

- Discussion of assistance Defendant provided to other countries (see id. at 11-13); and

- Information regarding Defendant's assistance to investigations into and prosecutions of individuals, including investigations in which Defendant's cooperation has not been publicly disclosed or the investigative or prosecutorial effort is ongoing (see id. at 7-8; 14-15).

The court has reviewed the redacted information in detail and finds the redactions to be consistent with the Government's law enforcement and national security interests and sufficient to overcome the public's qualified First Amendment right of access. Much of the redacted information bears directly on "the target, subject or status of a particular government investigation," including both ongoing investigations and those in which Defendant's assistance was never publicly disclosed. Milken, 780 F. Supp. at 127. Separately, disclosure of the Defendant's insights into Al-Qaeda's operations and tactics and his assistance to other countries "would impair identified national interests in substantial ways" and so also merits withholding. Aref, 533 F.3d at 82. Moreover, the proposed redactions are "narrowly tailored" to meet these legitimate law enforcement needs: the categories of information redacted are readily distinguishable from those that the Government proposes to unseal, and the redactions are not so onerous that members of the public cannot understand the offense conduct or "information as to the general nature and extent of the defendant's cooperation." Milken, 780 F. Supp. at 127.

The court therefore finds that "higher values" necessitate the proposed redactions and continued sealing of those portions is warranted.

## IV. CONCLUSION

For the foregoing reasons, non-party Johnny Dwyer's Motion to Unseal is DENIED. The Clerk of Court is respectfully DIRECTED to unseal the Government's Response in Opposition to the Motion to Unseal (Dkt. 47) and the redacted Sentencing Memorandum (Dkt. 47-1) and to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: Brooklyn, New York
March 23, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge